[No. 20381. Department Two. June 22, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. B. BENSON, *Appellant*.[1]

[1] BRIBERY (2) — INDICTMENT — SUFFICIENCY. Under Rem. Comp. Stat., § 2323, defining the offense of bribery as an offer or promise to reward a witness upon an agreement or understanding that his testimony shall be thereby influenced, a conviction cannot be sustained where the proof failed to show an agreement to accept or be influenced by the bribe.

[2] EVIDENCE (103)—HEARSAY—TELEPHONE MESSAGE. Evidence of a telephone message from an unidentified person is hearsay and its admission prejudicial error.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 13, 1926, upon a trial and conviction of bribery. Reversed.

*Henry Clay Agnew* and *A. G. McBride,* for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

TOLMAN, J.—Appellant was informed against and tried for the offense of bribing a witness. From a verdict of guilty and a judgment and sentence thereon, he has appealed. The information is based upon § 2323, Rem. Comp. Stat. [P. C. § 9050], which in part reads:

"Every person who shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to any witness or person who may be called as a witness upon an agreement or understanding that the testimony of such witness shall be thereby influenced, . . ."

The charging part of the information, so far as material to the question about to be discussed, is:

¹Reported in 257 Pac. 236.

"He, said B. Benson, in the county of King, state of Washington, on the 6th day of January, A. D. 1926, . . . wilfully, unlawfully, feloniously and corruptly did offer and promise the sum of fifteen dollars ($15.00) . . . as compensation, gratuity and reward to said Frank Williams, upon an agreement and understanding that the testimony to be given by said Frank Williams on the aforesaid trial of said William Miller and J. R. Combs, should be influenced by said offer and promise and for the purpose of inducing said Frank Williams to give false testimony and withhold true testimony . . ."

[1] The evidence offered by the state was ample to support a finding by the jury that an offer or promise was made by appellant to the prospective witness of a sum of money for the purpose of influencing the testimony to be given; but all of the testimony tended clearly to show that the offer was not accepted, and that no agreement or understanding was arrived at between the parties concerned that the testimony to be given should be so influenced. This point was raised by a motion for a new trial, which was denied, and is again raised here under the assignment that the trial court erred in denying the motion for a new trial.

The state seems to contend that a complete offense is charged by the allegation of an "offer and promise" and that it is unnecessary to charge or prove an acceptance. A number of cases are cited in which the charge was that of soliciting a bribe, but, in our statute at least, that offense is complete when there is either an asking or a receiving, and therefore those cases are of no assistance here.

It is quite evident that, under our statute, one giving a gratuity upon the agreement or understanding that the testimony of the recipient will be thereby influenced is no more certainly guilty of the completed crime than is one who offers or promises to so give. The com-

pleted crime may be committed either by giving, by offering, or by promising; but, as we read the statute, by its plain terms it requires that such gift, offer or promise shall be based upon an agreement or understanding that the prospective witness shall be thereby influenced, and a failure to procure the necessary agreement or understanding leaves the crime incomplete, and the moving person can be guilty of no more than an attempt to commit the crime. Our legislature seems to have recognized this when it provided in § 2264, Rem. Comp. Stat. [P. C. § 8699], as follows:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; . . ."

Respondent also cites a number of authorities as to an offer or promise being sufficient to show a completed offense at common law, but these also are beside the question, because the legislature having defined the offense, its act supersedes the common law. The statutory offense includes the two elements, and both must be charged and proven.

The judgment must be reversed, because there was no evidence to take the case to the jury on the question of an agreement or understanding.

[2] We do not now undertake to determine whether the prosecutor can, or should, file an information charging an attempt to commit the crime of bribery; but, in the event of such a prosecution, we feel impelled to say that we regard the admission in evidence of a telephone message from some unidentified person as highly prejudicial and erroneous under the hearsay rule.

The judgment is reversed.

MACKINTOSH, C. J., HOLCOMB, and MAIN, JJ., concur.