[No. 11650-6-III.    Division Three.    September 29, 1992.]

EDWARD F. BLANCHETTE, *Appellant*, v. SPOKANE COUNTY
FIRE PROTECTION DISTRICT NO. 1, *Respondent.*

*Frederick J. Dullanty, Jr., Stephen L. Farnell,* and *Winston & Cashatt,* for appellant.

*Judith A. Corbin, Patrich F. Delfino,* and *Huppin Ewing Anderson & Paul, P.S.,* for respondent.

SHIELDS, C.J. — Edward F. Blanchette appeals a summary judgment dismissing his handicap discrimination suit against a prospective employer, Spokane County Fire Protection District 1. He contends the court erred in concluding as a matter of law (1) the "Minimum Medical Standards for Firefighters in Washington Cities and Fire Districts" (Medical Standards), used by the Fire District to disqualify Mr. Blanchette because he had Crohn's disease,[1] establish a valid bona fide occupational qualification (BFOQ) and (2) the Fire District could use the Medical Standards to disqualify Mr. Blanchette despite the fact they had not been formally adopted. We reverse and remand.

## FACTS

Mr. Blanchette applied for employment with the Fire District as an entry level fire fighter. He had been a "paid call" fire fighter with the Coeur d'Alene Fire Department for several years. After Mr. Blanchette passed the required civil service test in September 1986, a preliminary medical examination in spring 1987, and the Fire District's physical agility test in November 1987, he was placed on the civil service eligibility list.

In February 1988, Mr. Blanchette was diagnosed as having Crohn's disease. His physician recommended total removal of the affected sections of his digestive tract as the best way to avoid future problems associated with the condition. Mr. Blanchette underwent the surgery in April.

Meanwhile, in March 1988, Mr. Blanchette was notified the Fire District had four openings for entry level fire fighter to be filled in June 1988. He was scheduled for an interview with the fire chief, Ron Tedrow, along with other eligible

---

[1]Crohn's disease, also referred to as regional enteritis, is an inflammatory disease of unknown origin affecting portions of the digestive tract, including the esophagus, stomach and small and large intestines. It is treatable with medical therapy or by surgical removal of the affected portion of the digestive tract.

applicants. Each applicant was required to undergo another physical examination before the interview.

On June 1, 1988, Mr. Blanchette was examined by Dr. Jeffrey Markin, who assisted the Fire District's physician, Dr. Paul Russell, with the preinterview examinations. In his written report, Dr. Markin noted Mr. Blanchette's Crohn's disease was currently controlled and he was doing well postsurgery. Dr. Markin concluded "I see no reason for him to be limited as far as fire dept. activity. Following his six weeks recovery from surgery, OK for work."

Dr. Russell, however, as the primary examining physician for the Fire District, recommended in a letter to Chief Tedrow that Mr. Blanchette not be hired because he had Crohn's disease. Dr. Russell based his recommendation on his belief the Medical Standards which Chief Tedrow had given him for review excluded all persons with Crohn's disease. By letter dated June 13, 1988, the Fire District notified Mr. Blanchette he had been disqualified from the hiring list because of his physical disorder.

In December 1988, Mr. Blanchette brought this action pursuant to RCW 49.60.180. In its answer, the Fire District asserted absence of Crohn's disease is a BFOQ for the position of fire fighter. In their depositions, Drs. Markin and Russell testified they received and reviewed the Medical Standards shortly before conducting the examinations. They further testified they were utilizing them at the time Mr. Blanchette was examined although they knew or believed they had not yet been formally adopted by the Fire District.[2] Ultimately, Dr. Markin concurred with Dr. Russell's recommendation on the basis the Medical Standards excluded all persons with Crohn's disease.

### STANDARD OF REVIEW

■ On an appeal from a summary judgment ruling, this court considers all facts submitted and all reasonable infer-

---

[2]The Medical Standards, as modified by suggestions from Dr. Russell, were adopted December 12, 1988, at a joint meeting of the Fire District Commissioners and the Civil Service Commissioners. We do not reach the issue whether use of the Medical Standards before their formal adoption was proper.

ences from them in a light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is only appropriate when the record demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Meaney v. Dodd*, 111 Wn.2d 174, 759 P.2d 455 (1988).

HANDICAP DISCRIMINATION

RCW 49.60.180 provides:

> It is an unfair practice for any employer:
> (1) To refuse to hire any person because of . . . the presence of any . . . physical handicap, unless based upon a bona fide occupational qualification: PROVIDED, That the prohibition against discrimination because of such handicap shall not apply if the particular disability prevents the proper performance of the particular worker involved.

██ Application of the statute is a 2-step process: First, the burden is on the rejected job applicant to establish a prima facie case of handicap discrimination. *Rose v. Hanna Mining Co.*, 94 Wn.2d 307, 312, 616 P.2d 1229 (1980). Mr. Blanchette met this burden; the Fire District acknowledges Mr. Blanchette was disqualified for being diagnosed with Crohn's disease. Second, the burden shifts to the employer to articulate some nondiscriminatory reason for not hiring. *Rose*, at 312-13. It may do so either of two ways. It can show (1) the particular disability prevents the proper performance of the particular worker involved, or (2) a particular worker cannot satisfy a BFOQ. *See* WAC 162-22-070(3).[3] The Fire District does not contend Mr. Blanchette is unable

---

[3]WAC 162-22-070(3) provides:

"A bona fide occupational qualification differs from the statutory requirement that the handicapped individual be able to properly perform the job. The determination of ability to do the job is made on an individual basis, for each person for each job. A bona fide occupational qualification is a requirement that must be met by all persons whether or not they can do the job. Ability to do the job is part of the definition of handicap discrimination; a bona fide occupational qualification is an exception to the rule of nondiscrimination because of handicap."

to properly perform the job he sought.[4] Thus, we need consider only whether the record conclusively demonstrates the Medical Standards establish freedom from Crohn's disease as a valid BFOQ. The Fire District must prove that all or substantially all persons with Crohn's disease could not properly perform the duties of a fire fighter. *Rose*, at 312-13; *Fahn v. Cowlitz Cy.*, 93 Wn.2d 368, 381, 610 P.2d 857, 621 P.2d 1293 (1980). The Fire District did not meet this burden in the summary judgment proceeding.

The Medical Standards alone do not establish a valid BFOQ. Mr. Blanchette produced evidence they were developed only as guidelines for determining fitness for duty as a fire fighter. Additionally, he produced evidence contradicting the assumption in the Medical Standards that persons with Crohn's disease will suffer a debilitating recurrence of the disease, particularly if they have undergone surgery. There are genuine issues of material fact concerning the validity of the Fire District's claimed BFOQ; summary judgment was not proper.

Furthermore, if absence of Crohn's disease is a valid BFOQ, an additional genuine issue of material fact remains: whether Mr. Blanchette met the BFOQ because his surgery rendered him free of the physical handicaps of Crohn's disease.

We reverse and remand for trial.

MUNSON and SWEENEY, JJ., concur.

After modification, further reconsideration denied October 29, 1992.

---

[4]Dr. Markin's physical examination established Mr. Blanchette's particular handicap did not prevent him from properly performing the duties of a fire fighter.