46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry M. CLEMENT, Plaintiff-Appellant
v.
GEORGIA-PACIFIC CORPORATION, Defendant-Appellee.
 No. 94-35027.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1995.
Decided Feb. 7, 1995.
 
 1
 Before: ALARCON, BRUNETTI, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Barry Clement appeals the district court's order granting summary judgment in favor of the defendant, Appellee Georgia-Pacific Corporation. Clement claims that the district court erred by requiring him to prove pretext, see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because such is not required where the employer admits that the employment decision was based on the existence or perception of a disability.
 
 
 4
 Clement urges us to apply a different standard, requiring the employer accused of disability discrimination to prove the statutory defense claimed. See Wash.Rev.Code Sec. 49.60.180; Kimmel v. Crowley Maritime Corp., 23 Wash.App. 78 (1979). We decline to decide which scheme applies where an employer, sued under Washington Revised Code 49.60.180, relies on one of the statutory defenses. Instead, we hold that under either scheme, summary judgment was proper.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 5
 In March of 1992, Barry Clement applied for employment as a relief pulp mill laborer at the Bellingham plant of the Georgia-Pacific Corporation. Clement disclosed to Georgia-Pacific that he previously suffered a back injury which required two previous surgeries. Clement related to Georgia-Pacific's interview panel that he felt that his back was no longer a problem. He was recommended for hire and subsequently examined by Dr. McNichols, Georgia-Pacific's consulting physician.
 
 
 6
 Dr. McNichols concluded that Clement's back was "normal" but suggested to Georgia-Pacific's personnel manager that Clement's medical records be obtained in order to asses whether Clement was at risk for reinjury. Consequently, Clement provided releases for two physicians, Drs. James and Werschkul. Dr. James sent a letter to the personnel manager. In the letter Dr. James briefly summarized Clement's medical history and opined that Clement was free of any physical limitations.
 
 
 7
 The personnel manager received medical records from Dr. Werschkul, Clement's surgeon. The records revealed that Clement was under significant physical restrictions in 1986, and that Clement had visited nine other doctors in an attempt to obtain state rehabilitation benefits. The personnel manager forwarded the letter and records to Dr. McNichols. Dr. McNichols then concluded, based on all the information before him, that "[i]t is quite clear that working as a pulp mill laborer would be quite hazardous to the health of Mr. Clement and to those who work with him as well." Dr. McNichols opined that Clement should not be subjected to prolonged standing or walking, should not lift more than fifteen pounds, should not jump to the ground from stairs, ladder or vehicle, and should only bend or twist the spine infrequently.
 
 
 8
 The personnel manager reviewed Dr. McNichols' opinion, the medical records received and the job responsibilities of a relief pulp laborer. He concluded that, given the restrictions imposed on Clement, that Clement could not perform the position of relief pulp mill laborer. Georgia-Pacific refused to hire him. Clement sued Georgia-Pacific, alleging that Georgia-Pacific's rejection of Clement on the basis of his back injury violated Washington anti-discrimination law. The district court granted summary judgment.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 9
 We review summary judgment de novo. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991).
 
 
 10
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 11
 Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 II. ANALYSIS
 
 12
 Revised Code of Washington section 49.60 prohibits employers from discriminating on the basis of disability. An employer may justifiably refuse to hire a physically handicapped person if their particular disability precludes proper performance of the job. Wash.Rev.Code 49.60.180.
 
 
 13
 It is the plaintiff's initial burden to establish a prima facie case of disability discrimination. Blanchette v. Spokane County Fire Protection Dist. No. 1, 67 Wash.App. 499, 502 (1992). Clement established a prima facie case. Georgia-Pacific responded by admitting that its refusal to hire Clement was, in part, because Georgia-Pacific determined that Clement's back condition precluded his proper performance of the job of a relief pulp mill laborer. We decline to determine whether Georgia-Pacific must prove such a defense by substantial evidence, see Kimmel v. Crowley Maritime Corp., 23 Wash.App. 78 (1979) or whether the burden then shifts back to Clement to prove pretext, McDonnell Douglas Corp. v. Green, 411 U.S. 792. Under either approach, summary judgment was proper.
 
 
 14
 Clement failed to produce any evidence which would support a finding that Georgia-Pacific's articulated reason was a pretext for disability discrimination. See id. In the alternative, Clement failed to come forward with evidence sufficient to establish the existence of a dispute as to whether Georgia-Pacific had substantial evidence that Clement's back condition precluded him from properly performing the job of relief pulp mill laborer, before it made its decision not to hire Clement. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Wash.Rev.Code Sec. 49.60.180. It is uncontroverted that the personnel manager had before him substantial evidence of Clement's inability to perform the job.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3