Scott D. MCKELLIPS, Plaintiff–
Appellant,

v.

FIFE PUBLIC SCHOOL DISTRICT
# 417; Robert L. Corley, in his official
capacity as Superintendent of Fife
Public Schools and in his individual
capacity; Jane Doe Corley, a marital
community; Chuck Silvernail, in his
official capacity as Director of Admin-
istrative Services, and in his individu-
al capacity; Jane Doe Silvernail, a
marital community, Defendants–Ap-
pellees.

No. 00–35017.
D.C. No. CV–98–05603–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided July 30, 2001.

Before ALARCON, FERNANDEZ, and
TASHIMA, Circuit Judges.

MEMORANDUM *

Because of his physical condition, Scott
McKellips was refused a job with the Fife
Public School District. He asserted that
the refusal violated both 42 U.S.C.
§ 12112(a), which is part of the Americans
With Disabilities Act, and the Washington
State Law Against Discrimination
(WLAD), Wash. Rev.Code § 49.60.180(1).
The district court granted summary judg-
ment against him and he appealed. We
reverse and remand.

---

\* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

■ (1) In order to sustain his claim under the ADA, McKellips must demonstrate that he was discriminated against because of a disability. He does not assert that he has an impairment within the meaning of the statute, but he does assert that he was regarded by the school district as having one. *See* 42 U.S.C. § 12102(2). There is no record of the district court's reasoning, but it is apparent that the School District considered McKellips' condition to disqualify him from the job in question. Of course, the mere fact that a person is regarded as incapable of doing a particular job does not mean that he is regarded as disabled. *See Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523, 119 S.Ct. 2133, 2138, 144 L.Ed.2d 484 (1999); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491–93, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999); *Broussard v. Univ. of Cal., at Berkeley*, 192 F.3d 1252, 1258–59 (9th Cir.1999); *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539–40 (9th Cir.1997). But there is evidence that the School District deemed him to be incapable of lifting over 15 pounds or of repeatedly stooping, pushing, pulling, stretching or turning. That suggests that, despite its denials, it perceived him as a person who could do sedentary work only. *See* Dictionary of Occupational Titles 1013 (4th ed., rev.1991). That would be a perception that McKellips was excluded from a very broad range of jobs.

The School District argues that McKellips could have easily had the problem corrected, and as a result he was not seen as disabled. But, the Supreme Court has suggested that in the ADA area we must take the person's condition as it now is rather than as it could have been. *See Sutton*, 527 U.S. at 482–83, 119 S.Ct. at 2146–47. Certainly that is true when an impairment has been corrected. *Id.* It is doubtful that the rule is different when the condition could be, but has not been, corrected. At any rate, the record does not explain what "easily" means in the context of an operation. Nor do the facts in the record help answer questions about just how invasive or fraught with possible dangers the purported easy correction would be. We are loath to consider this question in the absence of information of that kind. In fine, the present state of the record indicates that this is not the time for us to attempt to gloss the Supreme Court's "present indicative verb form" analysis. *Id.* at 482, 119 S.Ct. at 2146.

Moreover, the mere fact that performing the job in question could be a direct threat to McKellips' own health is outside the point. *See Echazabal v. Chevron USA, Inc.*, 226 F.3d 1063, 1066–67 (9th Cir.2000). Therefore, on this record the district court erred when it granted summary judgment to the School District on McKellips' ADA claim.[1]

■ (2) The School District fares no better under the WLAD. That statute does not offer more narrow protection than the ADA. *See* Wash. Rev.Code § 49.60.180(1); *Hill v. BCTI Income Fund–I*, 144 Wash. 172, 23 P.3d 440, 452 (2001); *Dedman v. Wash. Personnel Appeals Bd.*, 98 Wash. App. 471, 478, 989 P.2d 1214, 1217 (1999). Of course, were McKellips actually unable to perform the essential functions of the job, or were he a danger to others, that would be a proper reason to deny him the position. *See Brady v. Daily World*, 105 Wash.2d 770, 777, 718 P.2d 785, 789 (1986); *Dedman*, 98 Wash.App. at 478–82, 989 P.2d at 1218–20. That is not clearly demonstrated by this record. Nor does the record speak to whether either McKellips or substantially all people with his medical condition are unable to perform the job at hand. *See Rose v. Hanna Mining Co.*, 94 Wash.2d 307, 312, 616 P.2d 1229, 1232

---

1. The district court rendered its decision be-    fore *Echazabal* was decided.

(1980); *Blanchette v. Spokane County Fire Prot. Dist. No. 1,* 67 Wash.App. 499, 502–03, 836 P.2d 858, 860–61 (1992). Further development of the record in that respect is necessary.[2]

REVERSED and REMANDED.

---

2. We hasten to add that statements about the facts in this disposition are simply based on the record at summary judgment and are not meant to establish those facts as the law of the case.

