# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

v.

MICHAEL LOREN BYRD,

                Appellant.

No. 75012-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 31, 2017

LEACH, J. — Michael Byrd appeals his conviction for second degree trafficking in stolen property. Byrd challenges the sufficiency of the evidence to support his conviction. Also, he claims that the trial court improperly commented on the evidence when it sustained the State's objection to his defense counsel's closing argument. Because sufficient evidence supports Byrd's conviction and the trial judge properly sustained the State's objection to defense counsel's closing argument, we affirm.

## Background

On April 10, 2015, Byrd went to G&H Pawn in Everett, Washington, to sell a MacBook Pro 17-inch laptop computer, along with a limited edition wireless speaker. Both those items had been stolen in a burglary of Michael Gerrodette's home a few days earlier.

When the owner of the pawnshop opened the computer, text messages appeared on the screen. Those messages said that the laptop had been stolen in a burglary. The

owner called the police and then contacted Gerrodette. Gerrodette had installed an Apple program giving him the ability to track his computer when it was turned on and connected to Wi-Fi. Gerrodette went to the pawnshop where he saw Byrd. Gerrodette later identified the computer as the one he had previously purchased for $2,700.

Byrd told the owner that he had recently purchased the computer for a little over $900. But when the computer beeped, Byrd did not recognize the sound as one for the arrival of incoming messages.

The owner testified that he viewed Byrd's driver's license to identify him and offered $200 for both items. Byrd agreed to the amount. The owner then made a copy of Byrd's license. The owner would not accept an item from someone who was pawning or selling it for another.

Byrd signed a purchase agreement, which stated that the items belonged to Byrd and that he agreed to sell them to the pawnshop for $200. Both Gerrodette and the owner noticed that Byrd was acting anxious, wanting to rush the transaction so he could leave. The owner delayed payment to Byrd, waiting for the police to arrive. When Byrd approached the cashier window to collect the money, the employees told him they were counting the till.

Officer Ross arrived at the pawnshop and saw a car parked near the shop with a passenger in the front seat. Suspecting that the person was involved with the stolen item, Ross approached the car. The passenger, Johnny Williams, told Officer Ross that he was waiting for his uncle, who was inside the pawnshop selling a laptop.

Officer Doonan arrived at the pawnshop next. He consulted with Officer Ross and then entered the pawnshop. Officer Doonan arrested Byrd for trying to sell a stolen laptop. Outside the pawn shop, Officer Doonan read Byrd his Miranda[1] rights from his department-issued Miranda card. Byrd agreed to speak with Officer Doonan. Byrd told Officer Doonan that his nephew, Williams, had asked him to pawn the laptop. He knew his nephew was a shoplifter and had a reputation of being a thief. But he still agreed to sell the laptop. He met his nephew and drove to the pawnshop.

The State charged Byrd with one count of second degree trafficking in stolen property. A jury convicted Byrd. Byrd timely appeals.

## Analysis

Byrd claims that the State failed to prove all elements of the crime. He claims that no completed transaction occurred because he did not receive any actual payment for the computer. Thus, he argues, the evidence is insufficient. Byrd also asserts that the court incorrectly commented on the evidence in its ruling sustaining the prosecution's objection to his defense counsel's closing argument.

### Sufficiency of the Evidence

To decide if sufficient evidence supports a conviction, an appellate court asks whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

doubt.[2] A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.[3]

Byrd contends his crime is incomplete because he never received payment. He cites State v. Benson[4] to support his position. In Benson, the State charged the defendant with bribing a witness.[5] The witness did not accept the bribe or agree to do so.[6] The Benson court held that the crime was incomplete because there was a failure to reach the necessary agreement to undertake the task.[7] Here, Byrd and the pawnshop owner reached an agreement.

RCW 9A.82.055 states that a person who "recklessly traffics in stolen property is guilty of trafficking in stolen property in the second degree." The statute provides a definition of "traffic" in a separate provision: "'Traffic' means to sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person, or to buy, receive, possess, or obtain control of stolen property, with intent to sell, transfer, distribute, dispense, or otherwise dispose of the property to another person."[8]

The court properly instructed the jury that "'Traffic' means: to sell, transfer, distribute, or otherwise dispose of stolen property to another person."

The evidence here supports Byrd's conviction for second degree trafficking. Byrd took the stolen laptop to the pawnshop and negotiated its sale with the owner. He signed

---

[2] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).
[3] Salinas, 119 Wn.2d at 201.
[4] State v. Benson, 144 Wash. 170, 257 P. 236 (1927).
[5] Benson, 144 Wash. at 170.
[6] Benson, 144 Wash. at 171.
[7] Benson, 144 Wash at 171-72.
[8] RCW 9A.82.010(19).

an agreement to sell the laptop to the pawnshop for $200. While he waited in line with his paperwork to collect the $200, the police arrested him. The transfer had already been completed. The fact that the owner did not intend to pay Byrd is immaterial.

Comment on the Evidence

Byrd argues that the trial court prejudicially commented on the evidence when it upheld the State's objection to his closing argument.

Byrd did not raise this objection below. However, because the Washington Constitution expressly prohibits judicial comments on evidence, Byrd's assertion that the judge impermissibly commented on the evidence potentially raises an issue involving a manifest constitutional error that this court may consider for the first time on appeal.[9]

Article IV, section 16 of our constitution prohibits a judge from conveying to the jury his opinion about the merits of a case.[10] This provision prevents the jury from being influenced by knowledge conveyed to it by the court about the court's opinion of the evidence submitted.[11] To be a comment on the evidence, the court's attitude toward the merits of the defendant's case must be reasonably inferable from the court's statements.[12] We look to the case facts and circumstances to see if the judge made an improper comment.[13]

The following occurred during defense's closing argument:

---

[9] State v. Levy, 156 Wn.2d 709, 719-20, 132 P.3d 1076 (2006).
[10] Levy, 156 Wn.2d at 723.
[11] State v. Jackman, 156 Wn.2d 736, 743-44, 132 P.3d 136 (2006).
[12] State v. Elmore, 139 Wn.2d 250, 276, 985 P.2d 289 (1999).
[13] State v. Jacobsen, 78 Wn.2d 491, 495, 477 P.2d 1 (1970).

[DEFENSE COUNSEL]: . . . Now, I am not going to blame Mr. Korolev for some sharp dealing about setting up the sale of this laptop, because Mr. Byrd as long as you can remember the testimony, he asked him, well, I don't know what it is worth. <u>He said that, well, here we'll find out, so he plugged it in and Mr. Korolev says, well, to complete the thing— because his nephew didn't have any identification. He couldn't have pawned it or sold it.</u>

[PROSECUTOR]: Your Honor, I am going to object. There is no testimony, other than Mr. Cox's opening statement, that listed that in evidence. Not one of the witnesses testified to that.

THE COURT: Sustained.

[DEFENSE COUNSEL]: I believe that the pawn shop owner said that you could not pawn it without having license or identification.

THE COURT: The witness did make that statement, but there has been no evidence presented in this case that Mr. Williams, the individual identified as a nephew, did not have identification.

[DEFENSE COUNSEL]: All right, Your Honor. But—

THE COURT: So the objection is sustained.

[DEFENSE COUNSEL]: The nephew did ask Mr. Byrd to pawn it for him. Now, to do this, Mr. Byrd had to claim ownership. Okay. Now, what are you willing to do to help out a relative?

(Emphasis added.)

Here, the trial court did not comment on the evidence. The State objected to the defense arguing facts not in evidence. There was no testimony about the nephew not having identification on him. Sustaining the objection and responding to defense counsel's argument about the objection was not an improper comment on the evidence. It did not indicate to the jury "'a personal opinion or view of the trial judge regarding the credibility, weight or sufficiency of some evidence introduced at the trial.'"[14]

---

[14] State v. Frazier, 55 Wn. App 204, 213, 777 P.2d 27 (1989) (quoting State v. Owen, 24 Wn. App. 130, 134, 600 P.2d 625 (1979)).

Moreover, here, because defense counsel's closing argument invited the State's objection, the trial court did not comment on the evidence when it made its ruling. Initially, the court concisely sustained the State's objection. Defense counsel then disputed both the objection and the court's ruling, arguing that the pawnshop owner testified that one could not pawn an item without identification. The court agreed but pointed out that the State objected because there was no evidence that the nephew did not have identification. Indeed, when it appeared that the defense counsel would continue to argue, the court interrupted and succinctly stated, "So the objection is sustained."

Defense continued to argue in its closing argument that Byrd was merely an innocent dupe of his nephew. Defense was able to present its theory of the case to the jury. The court's ruling did not amount to a comment on the evidence or prejudice the defendant.

## Appellate Costs

Finally, Byrd asks this court to deny the State appellate costs based on his indigency. We generally award appellate costs to the substantially prevailing party on review. However, when a trial court makes a finding of indigency, that finding continues throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency."[15] Here, the trial court found Byrd indigent. If the State has evidence indicating significant improvement in Byrd's financial circumstances since the trial court's finding, it may file a motion for costs with the commissioner.

---

[15] RAP 14.2.

Affirmed.

_Leach, J._

WE CONCUR:

_Mann, J._                    _Appelwick, J._